FILIA (PHIL) H. UIPI   #4951
Attorney at Law
313 East 900 South
Salt Lake City, Utah 84111
Telephone: (801) 532-3025
Facsimile: (801) 532-0100
Email: philuipi@mcleodusa.net



*Attorney for Defendant Naisa Angilau*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| Plaintiff, | : | **DEFENDANT SENTENCING MEMORANDUM** |
| v. | : | |
| NAISA ANGILAU | : | 2:09-CR-00758 |
| Defendant. | : | Honorable Judge Dee Benson |

COMES NOW Naisa Angilau, by and through his counsel of record and respectfully submits this memorandum requesting this honorable court to be lenient in sentencing Mr. Angilau base on his involvement in the crime and his minimal criminal records.

## BACKGROUND

On or about October 5, 2009, Defendant Angilau and co-defendant Sione Vatuvei entered a Holiday Oil gas station on 7800 South 4800 West, West Jordan Utah to steal some beer and cigarettes. In reviewing the surveillance video, Defendant Angilau walked directly to the beer cooler

and grabbed four packages of Budlight beer and exited the store. The surveillance video showed co-defendant Vatuvei, walked to the side of the sales counter. The co-defendant then pulled the cap over his face and walked behind the counter. He is seen in the video taking something out of his pocket and the clerk opens the cash register drawer. The co-defendant did not take any money. According to the store clerk, co-defendant Vatuvei asked for some Newport cigarettes. There was only one package of Newport cigarettes left in the store. Co-defendant Vatuvei became upset that the store only had one Newport cigarettes package and accused the manager of lying. Co-defendant Vatuvei brandished a gun and fired a round into the floor.

Defendant had no idea that co-defendant Vatuvei had a gun. He was going into the store to steal beer and to do nothing else. He went into the store cooler and grabbed the beer and was exiting the store when he heard the shot. If co-defendant had not fired the gun, defendant Angilau would probably be charged with a shoplifting misdemeanor.

Defendant Angilau voluntarily entered a guilty plea to the charge of discharging a firearm during a crime of violence a violation of 18 U.S.C. Section 924©, even though the firearm was discharged by his co-defendant Vatuvei. On September 16, 2011 defendant was present for sentencing before this Court. Counsel for defendant raised the fact that defendant criminal history were all misdemeanors. This offense is the only felony that he has committed; therefore, the minimum mandatory of ten years may be too harsh for defendant's involvement in the crime. The court then raised the issue of whether defendant who aids and abets is subject to the minimum mandatory as the principal. The sentence was continued and that the parties may brief the issue.

## ARGUMENT

### EVEN THOUGH DEFENDANT PLED GUILTY TO AIDING AND ABETTING

**THE DISCHARGE OF A FIREARM DURING A CRIME OF VIOLENCE AND MAY BE SUBJECT TO THE 10 YEAR MINIMUM MANDATORY, IT IS TOO HARSH AND MAY BE CONSIDERED CRUEL AND UNUSUAL PUNISHMENT, A VIOLATION OF THE EIGHTH AMENDMENT U.S.C.A.**

The law of aiding and abetting under 18 U.S.C. Section 2 as well as case law cited by the United States in its memorandum may subject defendant to the same sentence as the principal, co-defendant Vatuvei. The law and case law are in the side of the United States otherwise, I would have argue against it; however, defendant Angilau plea is for this honorable court to consider his actual involvement in the case as well as his criminal history.

Defendant Angilau was up front and took full responsibility for his criminal action. He admits that he entered the Holiday Oil gas station store. He admits that he was under the influence of alcohol at the time he entered the store. He admits that he has alcohol problems. He admits that he went directly to the beer cooler and took four packages of beer and walked out of the store without paying for it. Mr. Angilau had no idea that co-defendant had a gun until he heard the shot fired. In fact, Mr. Angilau was very upset when he found out that co-defendant Vatuvei had fired a gun. His intend was to steal beer and nothing more.

All of Mr. Angilau criminal records are classes B and C misdemeanors and infractions. His worst misdemeanor conviction is possession of a control substance, marijuana. This case is Mr. Angilau's first felony charge. Even with this felony charge, Mr. Angilau action alone would have been again a misdemeanor charge. If it would not be for co-defendant's Vatuvei's action, Mr. Angilau will not be in this Court today. Mr. Angilau denies that he is a member of the Tongan Crip Gang. His criminal records reflect that assertion.

Defendant Angilau continues to improve himself while being incarcerated. He has completed

and received his GED. He has not being charge for any jail violation while incarcerated for the last two years.

## CONCLUSION

To sentence Mr. Angilau to the minimum mandatory of 10 year imprisonment seems grossly disproportionate and very harsh in relation to his involvement in the crime and his misdemeanors' criminal history. In fact, it may border cruel and unusual punishment. Defendant Angilau requests that this Honorable Court sentence him under 18 U.S.C Section 924(c) (1)(A)(i) or(ii) and serve the balance of the mandatory minimum on home confinement.

Respectfully Submitted October 18, 2011

Filia (Phil) H. Uipi
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I mailed/delivered/faxed a copy of the foregoing Sentencing Memorandum to the United States Attorney's Office at 185 South State Street, Suite 300, postage prepaid, this __19__ day of October, 2011.